CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 3 2019

JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WAKEEL ABDUL-SABUR, | ) | CASE NO. 7:18CV00518 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| COMMONWEALTH OF VIRGINIA, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

Petitioner Wakeel Abdul-Sabur, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his confinement under a 1999 state court judgment from Louisa County. The petition is presently before the court on the respondent's motion to dismiss and Abdul-Sabur's response thereto. For the reasons set forth below, the court concludes that the respondent's motion to dismiss must be granted.

I.

Abdul-Sabur is currently confined under the final order of the Circuit Court of Louisa County, dated April 1, 1999, convicting him of two counts of grand larceny and sentencing him to serve an aggregate sentence of 10 years, with 3 years and 9 months suspended. Abdul-Sabur appealed. The Court of Appeals of Virginia refused his petition on September 13, 1999. Abdul-Sabur did not appeal to the Supreme Court of Virginia.

In 2018, Abdul-Sabur filed a habeas corpus petition in the Circuit Court of Louisa County, alleging the following claims: (a) on July 1, 2018, a statutory amendment took effect, changing the threshold amount for grand larceny from $200 to $500, making Abdul-Sabur's sentence for grand larceny fundamentally defective; and (b) appellate counsel provided ineffective assistance

by failing to raise a claim that Abdul-Sabur was denied a jury instruction under Fishback v. Commonwealth, 532 S.E.2d 629 (Va. 2000), informing the jury that parole had been abolished in Virginia in 1995. At around the same time, Abdul-Sabur also filed a habeas corpus petition in the Supreme Court of Virginia, raising only claim (a). The circuit court dismissed its petition by order dated October 4, 2018, finding that claim (a) was untimely filed under state law and without merit, and that claim (b) was untimely filed and procedurally defaulted because Abdul-Sabur had failed to raise the claim in his 2016 state habeas petition. The Supreme Court of Virginia dismissed its petition by order dated October 11, 2018, as untimely filed.

Abdul-Sabur filed his § 2254 petition on October 22, 2019, alleging the same claims that he raised in the 2018 circuit court petition: (a) his sentence for grand larceny is defective because of the amendment to the statutory threshold amount; and (b) appellate counsel was ineffective in failing to raise a Fishback claim. The respondent has filed a motion to dismiss the § 2254 petition, and Abdul-Sabur has responded, making the matter ripe for disposition.

II.

The one-year period of limitation for filing a habeas petition under § 2254 begins to run on the latest of four dates:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D). The federal filing period is tolled while any properly filed application for state post-conviction or collateral review is pending 28 U.S.C. § 2244(d)(2).

It is undisputed that Abdul-Sabur's petition was untimely filed under § 2244(d)(1)(A). After the Court of Appeals of Virginia denied his direct appeal on September 13, 1999, Abdul-Sabur had thirty days to note an appeal to the Supreme Court of Virginia. See Va. Sup. Ct. R. 5:14(a). When he failed to do so, his convictions became final for purposes of § 2255(d)(1)(A), and his federal habeas filing period began to run. See Gonzales v. Thaler, 565 U.S. 134, 149-50 (2012) (holding that when state prisoner does not seek appellate review, judgment becomes final when time for seeking direct review expires). It expired one year later, on September 12, 2000. Abdul-Sabur did not file a habeas corpus petition in any state court concerning his Louisa County convictions until after his federal filing period had expired, so his state petitions did not toll the federal period under § 2244(d)(2). Thus, Abdul-Sabur's § 2254 petition, executed years later in October 2018, is untimely filed under § 2244(d)(1)(A), unless he demonstrates a factual basis on which to invoke another provision of § 2244(d)(1), or to warrant equitable tolling.

The court will presume without finding that Claim 1, concerning the amendment to the grand larceny statute on July 1, 2018, is timely under § 2244(d)(1)(D), because Abdul-Sabur filed it within one year of the statutory amendment. Abdul-Sabur argues that Virginia was required to reduce his conviction for grand larceny of a computer to a misdemeanor once the grand larceny threshold increased to $500. This claim fails under state and federal law. "No new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law . . . ." Va. Code Ann. § 1-249 (formerly cited as Va. St. § 1-16). Under this provision, the Louisa County Circuit Court rejected Abdul-Sabur's habeas claim that the 2018

3

amendment to the grand larceny statute should apply retroactively to reduce his criminal liability. See also Ruplenas v. Commonwealth, 275 S.E.2d 628, 630-32 (Va. 1981) (holding under Va. St. § 1-16 that the "penalty in existence at the time of the offense should be applied unless the Commonwealth first elects to proceed under the new statute and obtains the consent of the defendant to do so."); Abdo v. Commonwealth, 237 S.E.2d 900, 903 (Va. 1977) (holding that under Va. St. 1-16, election to proceed under new statute must occur before judgment is pronounced). A state court's determination regarding whether to give retroactive application to a state statute is a matter of state law that is not cognizable in a federal habeas corpus action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Warren v. Kyler, 422 F.3d 132, 136 (3d Cir. 2005) (holding that the Due Process Clause is not implicated when a state court declines to give retroactive effect to one of its own decisions). Accordingly, the court concludes that the motion to dismiss must be granted as to Abdul-Sabur's Claim 1.

As to Claim 2, Abdul-Sabur argues that the federal filing period should be equitably tolled. Equitable tolling occurs only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Abdul-Sabur contends that because the Fishback decision made a new rule and issued in 2000, while Abdul-Sabur's direct appeal was pending and his convictions were not yet final, its rule should automatically be applied to allow him to be resentenced with proper jury instructions.

At an earlier time, legislation was proposed that would have provided such a remedy. In early 2018, a bill was introduced in the Virginia State Senate that, if enacted, would have provided that any person still incarcerated for a nonviolent felony committed after January 1, 1995, when

4

Virginia abolished parole, could have filed a motion with the trial court for a new sentencing proceeding to include a jury instruction about the abolition of parole. However, the bill did not pass. Abdul-Sabur asserts that the legislature's failure to provide this remedy (for him and others with similar pre-Fishback sentences) is a result of a long-standing practice of gerrymandering on the basis of race in formulating voting districts in parts of Virginia, as discussed in recent litigation. See, e.g., Bethune-Hill v. Va. State Bd. of Elections, 326 F. Supp. 3d 128 (E.D. Va. 2018) (holding that race was predominant factor in drawing districts for redistricting plan, race predominated in the construction of individual districts, and the legislature's predominant reliance on race over traditional districting criteria when drawing majority-minority districts was not narrowly tailored to achieve compelling interest as constitutionally required), appeal dismissed sub nom. Va. House of Delegates v. Bethune-Hill, 139 S. Ct. 1945 (2019). Abdul-Sabur further argues that this race discrimination by the state legislature has been a state-created impediment to his timely filing of his Fishback claim so as to trigger calculation of his federal filing period under § 2244(d)(1)(B).

The court cannot find that Abdul-Sabur has offered any viable excuse for his waiting eighteen years after the Fishback decision to raise his current claim on that issue in a federal habeas petition. The alleged ineffective assistance of Abdul-Sabur's appellate attorney did not prevent Abdul-Sabur himself from pursuing the claim in a state petition years earlier than he did. Similarly, while race discrimination in the legislature may have discouraged commitment to provide Fishback relief to Abdul-Sabur and those similarly situated to him, lack of such a remedy did not prevent Abdul-Sabur in any way from filing his claim in a federal petition. Accordingly, the court concludes that the factors to which Abdul-Sabur points do not qualify as an impediment under

§ 2244(d)(1)(B) or as grounds for equitable tolling of the federal filing period. Therefore, the court will grant the motion to dismiss as to Claim 2.[1]

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This 23rd day of August, 2019.

_____
Senior United States District Judge

---

[1] The respondent also argues that Abdul-Sabur's underlying allegation in Claim (2), that appellate counsel provided ineffective assistance, is without merit. See Jerman v. Dir. of Dep't of Corr., 593 S.E.2d 255, 260 (Va. 2004) (holding that appellate counsel is not ineffective for failing to raise claim on appeal if argument was procedurally defaulted when trial counsel failed to raise it during trial) (citing Va. Sup. Ct. Rule 5:25 ("No ruling of the trial court, disciplinary board, or commission before which the case was initially heard will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except for good cause shown or to enable this Court to attain the ends of justice."); Jones v. Barnes, 463 U.S. 745, 751 (1983) (holding that counsel does not render ineffective assistance when making strategic decision to appeal certain errors and not to appeal weaker claims)).